UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------X

DAVID MARCUS,

                                          Plaintiff,

                -against-

CITY OF NEW YORK, MICHAEL LICONTI, Individually,
VINCENT VARRIANO, Individually, and JOHN and JANE
DOE 1 through 5, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                    Defendants.

-----------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

15 CV 1194
(JBW) (JO)

<u>Jury Trial Demanded</u>

       Plaintiff DAVID MARCUS, by his attorneys, Leventhal Law Group, P.C., complaining of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## <u>JURISDICTION</u>

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## <u>VENUE</u>

       4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff DAVID MARCUS is a nineteen-year old African American man residing in Staten Island, New York.  On the date of the incident giving rise to this complaint, MARCUS was fourteen-years old.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, MICHAEL LICONTI, VINCENT VARRIANO, and JOHN and JANE DOE 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On November 15, 2010, at approximately 8:00 p.m., plaintiff DAVID MARCUS was fourteen-years old and lawfully present at the at the corner of Fillmore Street and Lafayette Avenue, Staten Island, New York when defendant NYPD officers VINCENT VARRIANO and MICHAEL LICONTI unlawfully stopped and detained MARCUS. VARRIANO ordered MARCUS to place his hands against a minivan parked at said location.

13.     When MARCUS complied and placed his hands against the minivan, VARRIANO stated, put your fucking hands higher. MARCUS again complied, raising his hands on the minivan.

14.     VARRIANO began frisking MARCUS. While VARRIANO was frisking MARCUS, MARCUS stated, in sum and substance, why am I being arrested.

15.     In response, VARRIANO stated shut the fuck up.

16.     MARCUS responded by stating, in sum and substance, what are you talking about, I didnøt do anything.

17.     During the above described verbal exchange, MARCUS did not move his hands, which remained on the minivan as defendant VARRIANO had ordered.

18.     VARRIANO then struck MARCUS in his head, grabbed his hair and attempted to forcefully shove MARCUSø head into the minivan. LICONTI repeatedly kicked MARCUSø leg. VARRIANO then grabbed MARCUS and slammed him to the ground, chest-down.

19.     After slamming MARCUS to the ground, VARRIANO kneed MARCUS in his back and restrained MARCUS with his knee in MARCUS' back.

20.     While MARCUS was chest-down on the ground, LICONTI repeatedly kicked MARCUS in his ribs and VARRIANO stomped on MARCUS' shoulder.

21.     Thereafter JOHN and JANE DOE 1 through 5 jumped on MARCUS, kneed him on his back, legs and body, and restrained MARCUS with their hands, feet, and knees while LICONTI and VARRIANO handcuffed MARCUS.

22.     While MARCUS was on the ground and restrained by rear handcuffs, defendant officer JOHN DOE 1 kicked MARCUS in his ribs.

23.     The defendant officers thereafter picked MARCUS up, escorted him to a police vehicle, imprisoned him therein, and transported him to the NYPD's 120th precinct stationhouse. While in the precinct, NYPD officers improperly restrained MARCUS by handcuffing his wrist to a bar which was positioned above and behind MARCUS while he was seated.  NYPD officers refused to loosen or adjust MARCUS' handcuffs despite his complaints that the handcuffs were causing him to suffer pain.

24.     Shortly thereafter, NYPD officers transported MARCUS to Richmond University Medical Center while MARCUS was restrained by handcuffs and ankle shackles.  At the hospital, doctors treated MARCUS for his injuries.  After receiving treatment, NYPD officers transported MARCUS back to the 120th police precinct where MARCUS was imprisoned until approximately 1:30 a.m. on November 16, 2010, when the defendants released MARCUS with a Richmond County Family Court Appearance Ticket.

25.     MARCUS was thereafter prosecuted in Richmond County Family Court on

4

baseless charges filed under docket no. D-6246-10; said charges having been filed based on the false allegations of defendant VARRIANO. VARRIANO initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for the aforementioned acts of brutality.

26.    The defendant police officers, including defendant VARRIANO and LICONTI, conspired to create and manufacture false evidence against MARCUS, which the officers conveyed to the New York City Law Department's Family Court Division, responsible for prosecuting cases in Family Court, causing said evidence to be used against MARCUS in the aforementioned legal proceeding.

27.    Specifically, VARRIANO falsely alleged that MARCUS prevented VARRIANO from assisting LICONTI in the arrest of another individual, and that while MARCUS was on the ground, MARCUS placed his arms underneath his upper body, moved his body back and forth, and would not allow VARRIANO to handcuff him. These allegations are entirely false.

28.    As a result of these false allegations, MARCUS was maliciously prosecuted on charges that he obstructed governmental administration (P.L. § 195.05), and resisted arrest (P.L. § 205.30).

29.    The false charges compelled MARCUS to return to Richmond County Family Court until May 12, 2011, when all the false allegations levied against MARCUS were dismissed and sealed.

30.    The defendant NYPD officers JOHN and JANE DOE 1 through 5 either directly participated in and/or failed to intervene in the illegal conduct described herein.

31.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or  practice of: subjecting individuals to excessive use of force; manufacturing false evidence against individuals in a conspiracy to justify their use of excessive force; arresting innocent persons in order to meet öproductivity goalsö (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

32.     The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts.  As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPDøs Internal Affairs Bureau, and the CITY OF NEW YORKøS Civilian Complaint Review Board) that many NYPD officers, including the defendants: subject individuals to excessive force; manufacture false evidence against individuals in a conspiracy to justify their use of excessive force; arrest innocent persons in order to meet öproductivity goalsö (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification in an attempt to justify the false arrest.

33.     In addition, in another civil rights action filed in this court involving false

allegations of involvement in a narcotics transaction by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or police by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

34. Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set õproductivity goals.ö

35. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffsø civil rights.

36. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

37. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

38. All of the aforementioned acts deprived plaintiff DAVID MARCUS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983
as to defendants VARRIANO and LICONTI)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered õ1ö through õ42ö with the same force and effect as if fully set forth herein.

44.     Defendants VARRIANO and LICONTI arrested plaintiff DAVID MARCUS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

45.     Defendants VARRIANO and LICONTI caused plaintiff DAVID MARCUS to be falsely arrested and unlawfully imprisoned.

46.     As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneysø fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983
as to defendants VARRIANO, LICONTI, and JOHN and JANE DOE 1 through 5)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered õ1ö through õ46ö with the same force and effect as if fully set forth herein.

48.     The level of force employed by defendants VARRIANO, LICONTI, and JOHN and JANE DOE 1 through 5 was excessive, objectively unreasonable and otherwise in violation of plaintiff DAVID MARCUSø constitutional rights.

49.     As a result of the aforementioned conduct of defendants VARRIANO, LICONTI, and JOHN and JANE DOE 1 through 5, plaintiff DAVID MARCUS was subjected to excessive force and sustained physical and emotional injuries.

50.     As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys¢ fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983
as to defendants VARRIANO and LICONTI)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered õ1ö through õ50ö with the same force and effect as if fully set forth herein.

52.     Defendants VARRIANO and LICONTI created false evidence against plaintiff DAVID MARCUS.

53.     Defendants VARRIANO and LICONTI utilized this false evidence against plaintiff DAVID MARCUS in legal proceedings.

54.     As a result of defendants¢ VARRIANO and LICONTI¢s creation and use of false evidence, plaintiff DAVID MARCUS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

55.     As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys¢ fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983
as to defendants VARRIANO and LICONTI)

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered õ1ö through õ55ö with the same force and effect as if fully set forth herein.

57.     Defendants VARRIANO and LICONTI initiated, commenced and continued a

malicious prosecution against plaintiff DAVID MARCUS.

58.     Defendants VARRIANO and LICONTI caused plaintiff DAVID MARCUS to be prosecuted without any probable cause until the charges were dismissed on or about May 12, 2011.

59.     As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983
as to defendants VARRIANO and LICONTI)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants VARRIANO and LICONTI issued criminal process against plaintiff DAVID MARCUS by causing his arrest and prosecution in a Richmond County Family Court.

62.     Defendants VARRIANO and LICONTI caused plaintiff DAVID MARCUS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their acts of brutality and abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

63.     As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983
### as to defendants LICONTI, and JOHN and JANE DOE 1 through 5)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered ô1ö through ô63ö with the same force and effect as if fully set forth herein.

65.     Defendants LICONTI and JOHN and JANE DOE 1 through 5 had an affirmative duty to intervene on behalf of plaintiff DAVID MARCUS, whose constitutional rights were being violated in their presence by other officers.

66.     Defendants LICONTI and JOHN and JANE DOE 1 through 5 failed to intervene to prevent the unlawful conduct described herein.

67.     As a result of the foregoing, plaintiff DAVID MARCUSø liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to excessive force and handcuffing, and he was humiliated and compelled to appear in family court.

68.     As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneysø fees, costs and disbursements of this action.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983
### as to defendant CITY OF NEW YORK)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered ô1ö through ô68ö with the same force and effect as if fully set forth herein.

70.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

71.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DAVID MARCUS' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

72.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to: subjecting individuals to excessive use of force; manufacturing false evidence against individuals in a conspiracy to justify their use of excessive force; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DAVID MARCUS.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DAVID MARCUS as alleged herein.

75. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DAVID MARCUS as alleged herein.

76. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff DAVID MARCUS was unlawfully arrested, subjected to excessive force and maliciously prosecuted.

77. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DAVID MARCUSø constitutional rights.

78. All of the foregoing acts by defendants deprived plaintiff DAVID MARCUS of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from excessive force;

      D.     To be free from the failure to intervene;

      E.     To receive his right to a fair trial;

      F.     To be free from malicious prosecution; and

      G.     To be free from malicious abuse of process.

79. As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneysø fees, costs and disbursements of this action.

**Supplemental State Law Claims**

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered õ1ö through õ79ö with the same force and effect as if fully set forth herein.

81. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

82. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

83. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

84. Plaintiff has complied with all conditions precedent to maintaining the instant action.

85. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York
as to defendants VARRIANO, LICONTI, and CITY OF NEW YORK)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered õ1ö through õ85ö with the same force and effect as if fully set forth herein.

87. Defendants VARRIANO, LICONTI, and CITY OF NEW YORK arrested plaintiff DAVID MARCUS without probable cause.

88. Plaintiff was detained against his will for an extended period of time and

subjected to physical restraints.

89.     As a result of the aforementioned conduct, plaintiff DAVID MARCUS was unlawfully imprisoned in violation of the laws of the State of New York.

90.     As a result of the aforementioned conduct, plaintiff DAVID MARCUS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

91.     As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
<u>(Assault under the laws of the State of New York</u>
<u>as to defendants VARRIANO, LICONTI, JOHN and JANE DOE 1 through 5,</u>
<u>and CITY OF NEW YORK</u>)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     As a result of the foregoing, plaintiff DAVID MARCUS was placed in apprehension of imminent harmful and offensive bodily contact.

94.     As a result of the defendants' conduct, plaintiff DAVID MARCUS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

95.     As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York
as to defendants VARRIANO, LICONTI, JOHN and JANE DOE 1 through 5,
and CITY OF NEW YORK)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Defendants made offensive contact with plaintiff DAVID MARCUS without privilege or consent.

98.     As a result of defendants' conduct, plaintiff DAVID MARCUS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

99.     As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York
as to defendants VARRIANO, LICONTI, and CITY OF NEW YORK)

100.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.     Defendants VARRIANO, LICONTI and CITY OF NEW YORK initiated, commenced and continued a malicious prosecution against plaintiff DAVID MARCUS.

102.     Defendants VARRIANO, LICONTI and CITY OF NEW YORK caused plaintiff DAVID MARCUS to be prosecuted without probable cause until the charges were dismissed on

or about May 12, 2011.

103.     As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York
### as to defendants VARRIANO, LICONTI, and CITY OF NEW YORK)

104.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.     Defendants VARRIANO, LICONTI and CITY OF NEW YORK issued criminal process against plaintiff DAVID MARCUS by causing him to be arrested, arraigned and prosecuted in family court.

106.     Defendants VARRIANO, LICONTI and CITY OF NEW YORK caused plaintiff DAVID MARCUS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of brutality.

107.     As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(<u>Negligence under the laws of the State of New York</u>
<u>as to defendants VARRIANO, LICONTI, JOHN and JANE DOE 1 through 5,</u>
<u>and CITY OF NEW YORK</u>)

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered õ1ö through õ107ö with the same force and effect as if fully set forth herein.

109.    Plaintifføs injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

110.    As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneysø fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(<u>*Respondeat Superior* liability under the laws of the State of New York</u>
<u>as to defendant  CITY OF NEW YORK</u>)

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered õ1ö through õ110ö with the same force and effect as if fully set forth herein.

112.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

113.    As a result of the foregoing, plaintiff DAVID MARCUS is entitled to

19

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneysø fees, costs and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(Violation of NYS Constitution Article 1 §12
as to defendants VARRIANO, LICONTI, JOHN and JANE DOE 1 through 5,
and CITY OF NEW YORK)

114.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered õ1ö through õ113ö with the same force and effect as if fully set forth herein.

115.    As a result of defendantsø conduct, plaintiff DAVID MARCUS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

116.    As a result of the foregoing, plaintiff DAVID MARCUS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneysø fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DAVID MARCUS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
         August 6, 2015

                                        LEVENTHAL LAW GROUP, P.C.
                                        Attorneys for Plaintiff DAVID MARCUS
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (718) 556-9600

                                        By:     /s_____
                                                JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------X

DAVID MARCUS,

                                        Plaintiff,

                                                                        15 CV 1194
                                                                        (JBW) (JO)

             -against-

CITY OF NEW YORK, MICHAEL LICONTI, Individually,
VINCENT VARRIANO, Individually, and JOHN and JANE
DOE 1 through 5, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                        Defendants,

-----------------------------------------------------------------------------------X

<br>

# AMENDED COMPLAINT

<br><br>

**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600